UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANCINE DIXON on behalf of herself and all those similarly situated, | CIVIL ACTION NO.: |
| Plaintiff, | SECTION: |
| vs. | MAGISTRATE: |
| BERRY'S RELIABLE RESOURCES, LLC RHONDA WILLIAMS, RAEON WILLIAMS AND TYESE BERRY | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Francine Dixon, on behalf of herself and all others similarly situated, and files this Complaint against Defendants, Berry's Reliable Resources, LLC, Rhonda Williams, Raeon Williams and Tyese Berry ("Defendants"), seeking unpaid minimum wages and liquidated damages owed to them for not being paid overtime timely in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (hereinafter called the "FLSA"). In addition, Plaintiff Dixon files a class action claim under the Louisiana Final Wage Payment Act, La. R.S. 23:631, *et seq.* ("FWPA") for unpaid final wages based upon Defendants' unlawful deductions of the cost of Worker's Compensation from their pay. Finally, Plaintiff Dixon asserts an individual claim for unlawful retaliation against her – ultimately resulting in her termination – for exercising her rights under the FLSA and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid minimum wages and liquidated damages, damages for retaliatory termination and reasonable attorney's fees and costs under the FLSA, 29 U.S.C. §201, *et seq*.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because Metairie, Louisiana is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be a resident of the Parish of Orleans, State of Louisiana.

6. At all times material hereto Defendant Berry's Reliable Resources, LLC was, and continues to be a Louisiana company. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Jefferson Parish, Louisiana.

7. At all times material hereto Defendant Rhonda Williams was, and continues to be, a resident of the State of Louisiana and is engaged in business in Jefferson Parish, Louisiana.  Williams is the owner and managing member of Berry's Reliable Resources, LLC, was directly involved in the event giving rise to the claims set forth

herein and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiff and the proposed FLSA Collective Class plaintiffs.

8. At all times material hereto Defendant Raeon Williams was, and continues to be, a resident of the State of Louisiana and is engaged in business in Jefferson Parish, Louisiana. She was directly involved in the event giving rise to the claims set forth herein and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiff and the proposed FLSA Collective Class plaintiffs.

9. At all times material hereto Defendant Tyese Berry was, and continues to be, a resident of the State of Louisiana and is engaged in business in Jefferson Parish, Louisiana. She was directly involved in the event giving rise to the claims set forth herein and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiff and the proposed FLSA Collective Class plaintiffs.

**PLAINTIFF AND THE FLSA COLLECTIVE ACTION PLAINTIFFS ARE SUBJECT TO THE PROVISIONS OF THE FLSA**

10. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "employees" of Defendants within the meaning of FLSA.

13. At all times material hereto, Defendants were the Plaintiff's and the FLSA Collective Action Plaintiffs' "employers" within the meaning of FLSA.

14. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

### DEFENDANTS ARE PLAINTIFF'S AND THE FLSA COLLECTIVE ACTION PLAINTIFFS' JOINT EMPLOYERS

17. At all times material hereto, Defendants were Plaintiff's and the FLSA Collective Action Plaintiffs' "joint employers" within the meaning of FLSA.

18. Specifically, Defendants were so intertwined as to be indistinguishable.

19. Defendants jointly exercised control over the Plaintiff's and FLSA Collective Action Plaintiffs' schedules, rates of pay, how they performed their jobs and the equipment they used to perform their jobs and jointly implemented the payroll schemes complained of herein.

20. Specifically, Defendants signed contracts with clients in the Greater New Orleans Area to provide home healthcare services to those persons in their homes.

21. Defendants then retained persons, such as Plaintiff and the FLSA Collective Action Plaintiffs to perform these services for Defendants' clients.

22. Plaintiffs and the FLSA Collective Action Plaintiffs had no ability to independently contract with clients; all of their clients and business came from persons who had signed contracts for services with Defendants.

23. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

24. In April 2018, Plaintiff began working for Defendants as a Direct Service Worker ("DSW").

25. She worked for Defendants until January 2021.

26. Her hourly rate of pay was $8.00.

27. While working for Defendants, Plaintiff was required to undergo 16 hours of unpaid training time.

28. This unpaid training was mandatory for all DSWs.

29. In addition, while working for Defendants, Defendants regularly and routinely deducted the cost of Worker's Compensation insurance from her pay.

30. This payroll policy was also applied to all DSWs.

31. As a result of these payroll policies, Defendants failed to pay Plaintiff and other DSWs at a rate of pay equal to or exceeding the federal minimum wage rate for all hours that they worked.

32. In 2020, Plaintiff Dixon was advised by the Department of Labor that Defendants owed her for unpaid overtime pay.

33. After she accepted the funds to which the Department of Labor said she was entitled, Defendants threatened to terminate her client's contract unless she returned the money to them.

34. Indeed, Defendants did terminate Plaintiff Dixon's client's contract on this basis, but on appeal the Administrative Law Judge nullified Defendants' decision and the contract was reinstated.

35. In November 2020, she opted into an action brought by Stacey Badon against Defendants for unpaid overtime entitled *Badon v. Berry's Reliable Resources, LLC, et al*, No. 19-12317 in the Eastern District of Louisiana.

36. Thereafter, in January 2021, Defendants terminated Ms. Dixon in retaliation for her actions of seeking to enforce her rights under the FLSA.

## CAUSES OF ACTION

### COUNT I: COLLECTIVE ACTION CLAIM FOR FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the United States, who, since March 2018, previously worked or currently work for Defendants as home health caregivers and who were not paid at a rate equal to or exceeding the federal minimum wage due to Defendants' practices of not paying them at all for the 16 hours of mandatory training they were forced to participate in and/or their pattern of unlawfully deducting the cost of Worker's Compensation insurance from their paychecks, thereby depriving them of the federal minimum wage.

39. Plaintiff brings her minimum wage claims as a collective action under the FLSA to recover unpaid minimum wage compensation, liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of

Defendants that were wrongly not paid at the federal minimum wage rate under the FLSA.

40. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Classes who have been affected by Defendants' improper policies and practices, based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

41. The precise number of persons in each of the FLSA Collective Action Classes can be easily identified and located using Defendants' timesheets, payroll, time records and other personnel records.

42. Given the composition and size of the FLSA Collective Classes, potential opt-in class members may be informed of the pendency of this Collective Action by text message, direct mail and email.

43. Plaintiff's claim for unpaid minimum wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members she seeks to represent via class in that:

   (a)   Plaintiff and similarly situated employees worked for Defendants as home health caregivers and performed the same or substantially the same job duties and were subject to the same job scheduling policies and payment practices.

    (b)    Plaintiff is personally aware that other similarly situated employees of Defendants were forced to undergo 16 hours of unpaid training and were subjected to having the cost of Worker's Compensation insurance taken out of their paychecks, which reduced their rate of pay to below the federal minimum wage rate.

    (c)    Due to Defendants' intentional failure to pay Plaintiff and similarly situated employees for time that it knew was considered compensable under the FLSA, Defendants have deliberately and willfully failed to pay these employees at a rate of pay equal to the federally-mandated minimum wage rate.

    (d)    Although the number of hours worked by Plaintiff and the proposed FLSA Collective Plaintiffs may differ, the payment scheme of failing to pay care givers for 16 hours of mandatory training and deducting the cost of Worker's Compensation insurance from their pay should be readily determinable by review of Defendants' records.

    (e)    Accordingly, Plaintiff is in the best position to represent all members of the FLSA Collective Action Class as a whole.

44. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Action Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

45. Plaintiff requests that the Court authorize notice to the FLSA Collective Action Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

46. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the FLSA Collective Action Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

47. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

48. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and FLSA Collective Action Plaintiffs at a rate equal to one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when it knew, or should have known, such was and is due.

49. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

50. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost compensation for time worked over 40 hours per week, plus liquidated damages.

51. Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II: CLASS ACTION CLAIM FOR UNPAID FINAL WAGES UNDER THE LOUISIANA FINAL WAGE PAYMENT ACT

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Louisiana Revised Statutes 23:1163 prohibits an employer from deducting the cost of Worker's Compensation insurance from a worker's pay.

54. Louisiana's Final Wage Payment Act mandates that an employer pay all employees their full and final wages on the earlier of their next regular pay date or within fifteen days of their termination or resignation.  La. R.S. 23:631.

55. In addition, Louisiana's Final Wage Payment Act prohibits the forfeiture of wages in the form of unlawful deductions from pay.

56. To date, Defendants have not paid back Plaintiff or the proposed class the amount that they deducted from their pay to cover the cost of Worker's Compensation insurance.

57. To the extent that Defendant's unlawful deduction of Worker's Compensation insurance costs from Plaintiff and other DSWs' paychecks deprived them of wages in excess of the minimum wage rate, Plaintiff also asserts a class action claim pursuant to Federal Rule of Civil Procedure 23 to recover these sums as unpaid final wages under Louisiana's Final Wage Payment Act, 23:631, *et seq.*

58. As a result of Defendants' unlawful actions, Plaintiffs and the proposed class are entitled to payment of the amount of their unpaid wages in excess of the minimum wage in full, one days' penalty wages for each day up to 90 days after the filing of this

suit that Defendants fail to pay them their wages, and attorneys' fees and costs. La. R.S. 23:632.

59. The proposed class is defined as follows:

> Any person since March 2018 who previously worked for Defendants as a Direct Service Worker and had the cost of Worker's Compensation insurance unlawfully deducted from their pay.

60. The members of the proposed classes are so numerous that joinder of all members is impracticable. Defendants have employed numerous DWSs over the applicable time period. Upon information or belief, considering the turnover rate of Defendants' employees and the number of DSWs needed by Defendants to service its clients, the potential class could number in the dozens, if not hundreds.

61. Plaintiff's claims are typical of the proposed class she seeks to represent in the following illustrative (but not exclusive) particulars:

   1) Defendants retain DWSs to perform services for Defendants' contracted clients;
   2) Defendants pay those DSWs in the same or substantially same manner;
   3) Defendants deducted the cost of Worker's Compensation insurance from each of those DSW's pay;
   4) Plaintiff and the proposed class have sustained similar types of damages as a result of Defendants' conduct; and
   5) Plaintiff's claims are based on the same legal theories as those of the proposed class and involve similar, if not identical, factual circumstances.

62. Plaintiff will fairly and adequately represent and protect the interests of the proposed class.

63. Plaintiff has retained counsel competent and experienced in class actions and employment and unpaid wages litigation. There is no conflict between Plaintiffs and members of the proposed class.

64. There are questions of law and fact common to the proposed class, which predominate over any questions affecting only individual members of the proposed class, including, but not limited to, the following:

    1) Whether Defendants deducted the cost of Worker's Compensation insurance from Plaintiff and the proposed classes' pay;
    2) Whether Defendants' deductions for Worker's Compensation insurance violated La. R.S. 23:1163 which specifically prohibits the deduction of the cost of Worker's Compensation insurance from workers' pay;
    3) Whether Defendants' failure to pay Plaintiff and the proposed class these wrongfully-deducted costs upon their cessation of employment violated Louisiana's Final Wage Payment Act, La. R.S. 23:631, *et seq*.; and
    4) The proper measure of damages, including penalty damages and attorneys' fees under the Final Wage Payment Act.

65. Class certification is appropriate under Federal Rule of Civil Procedure 23(B)(2) or (3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed classes. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the proposed class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies and practices, resulting in a common failure to pay Plaintiffs all wages that they are owed.

66. Moreover, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would require.

67. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgment about Defendants' practices.

68. Finally, Defendants have acted or refused to act on grounds generally applicable to the proposed class so that class-wide relief is appropriate for the proposed class as a whole.

69. Plaintiffs intend to send notice to all members of the proposed class consistent with Federal Rule of Civil Procedure 23. Defendants maintain records and data to identify all of the potential class members in this case.

### COUNT III: INDIVIDUAL CLAIM FOR RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

70. All previous paragraphs are incorporated as though fully set forth herein.

71. In January 2021, Defendants terminated Plaintiff Dixon.

72. Her termination was in direct response to her accepting funds from the Department of Labor and refusing to return them after Defendants threatened her job, opting into the litigation entitled *Badon v. Berry's Reliable Resources, LLC, et al.*, and after a failed effort to terminate Plaintiff indirectly by terminating her client's contract.

73. Defendants' intentional and blatant retaliation against Plaintiff is in direct violation of the FLSA, which expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..."

### ATTORNEY'S FEES

74. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the collective action plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

**CONSENT**

75. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the proposed FLSA Collective Action Class and proposed Rule 23 Class Action Class prays that judgment be entered in their favor and against Defendants, Berry's Reliable Resources, LLC, Rhonda Williams, Raeon Williams and Tyese Berry:

    a. Declaring that Defendants' actions of failing to pay to Plaintiff and the FLSA Collective Action Plaintiffs minimum wages is in violation of the FLSA;

    b. Enjoining Defendants from continuing to pay home healthcare workers in violation of the FLSA;

    c. Awarding Plaintiff and the FLSA Collective Action Plaintiffs all unpaid minimum wage pay to which they are entitled;

    d. Awarding Plaintiff and the FLSA Collective Action Plaintiffs an equal amount in liquidated damages under the FLSA;

    e. Awarding Plaintiff, and the FLSA Collective Action Plaintiffs reasonable attorneys' fees and costs;

    f. Awarding Plaintiff and the proposed Class Action Class all unpaid final wages that they are owed;

    g. Awarding Plaintiff and the proposed Class Action Class up to 90 days' penalty damages due to Defendants' failure to pay them those final wages

  as set forth in the Louisiana Final Wage Payment Act;

h. Awarding Plaintiff and the proposed Class Action Class attorneys' fees and costs under the Louisiana Final Wage Payment Act;

i. Awarding Plaintiff all damages due and owing to her due to Defendants' unlawful retaliation and termination of her; and

j. All other damages allowed by the law.

        Respectfully submitted,

        */s/ Mary Bubbett Jackson*
        Jody Forester Jackson, (La. Bar No. 28938)
        Mary Bubbett Jackson, (La. Bar No. 29110)
        **JACKSON+JACKSON**
        201 St. Charles Avenue, Suite 2500
        New Orleans, Louisiana 70170
        T: (504) 599-5953
        F: (888) 988-6499
        E: jjackson@jackson-law.net
        mjackson@jackson-law.net
        Plaintiff and the FLSA Collective Action Plaintiffs

**PLEASE SERVE**

**Berry's Reliable Resources, LLC**
**Through its Registered Agent:**
**Rhonda Williams**
**3021 Saint Marie Dr.**
**Meraux, LA 70075**


**Rhonda Williams, individually**
**Wherever she may be found**

**Raeon Williams, individually,**
**Wherever she may be found**

**Tyese Berry, individually**
**Wherever she may be found**

15